220 P.2d 793]

[Civ. No. 17423.   Second Dist., Div. Three.   July 25, 1950.]

JOHN O. WHITAKER, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION et al., Respondents.

Nichols, Cooper, Hickson and R. G. Lamb for Petitioner.

Edmund J. Thomas, Jr., T. Groezinger, Robert Ball and
Anthony C. Tomczak for Respondent.

VALLÉE, J.—Review of proceedings of the Industrial
Accident Commission.  This is a companion case to *Pierson* v.
*Industrial Accident Commission, ante,* p. 598 [220 P.2d 794].

The facts are generally the same as in the Pierson case.  In
his application for adjustment of claim Whitaker named
"Livingston Greenwood" as his employer.  By stipulation this
and the Pierson case were consolidated for hearing, the evi-
dence in one case to be considered in the other insofar as it was
material.  The original finding of the commission in this case
was that at the time of the injury Whitaker was employed by
Baldoro Mines, Inc., a corporation.  It found that the proceed-
ing should be dismissed as to "Livingston Greenwood, doing
business as Baldora Mines," and Colonial Insurance Company.
An award was made in favor of Whitaker against Baldoro
Mines, Inc.  The proceeding was dismissed as to Livingston
Greenwood, doing business as Baldora Mines, and Colonial.
Petitioner Whitaker—applicant before the commission—seeks
to annul the award.

Whitaker was one of the crew employed by Pierson at the
direction of Greenwood.  He was engaged in the preparatory
work at the time he was injured December 20, 1947.  During
the entire time Whitaker worked at the mine his wages were
paid by Greenwood personally.  Pierson told Whitaker he
(Whitaker) was working for Greenwood.  He was not told that
he was working for a corporation.

One of the issues in the controversy was whether petitioner
was employed by Greenwood and Baldoro Mines, Inc., jointly.
The commission did not find on or determine this issue.

For the reasons stated in the opinion in the Pierson case and because of the failure of the commission to find on the issue of joint employment, the award is annulled and the cause remanded to the commission for further proceedings upon the entire issue of employment.

Shinn, P. J., and Wood, J., concurred.